UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROGER H.,[1]

                                                                 Plaintiff,            Case # 20-cv-01572-FPG

v.                                                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                               Defendant.
_____

## INTRODUCTION

On February 28, 2019, Roger H. ("Plaintiff") protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 19. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Robert Gonzalez (the "ALJ") on January 30, 2020. *Id*. At the hearing, Plaintiff and a vocational expert appeared and testified. *Id*. On February 10, 2020, the ALJ issued an unfavorable decision. Tr. 16. On September 26, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the SSA. Tr. 5. On October 27, 2020, Plaintiff appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I. **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 24, 2018, the alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with L4-L5 grade 1 anterolisthesis (MRI 9.2017); status post lumbar fusion (7/2018); degenerative disc disease of the cervical spine with C2-C# disc protrusion and C6-C7 disc protrusion with annular tear (MRI 9/2017); right shoulder rotator cuff tear; right shoulder impingement; and right arm cellulitis. *Id*. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. *Id*. Next, the ALJ determined that Plaintiff maintained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with specific limitations. Tr. 22. The ALJ found that Plaintiff had exertional limitations including that Plaintiff must avoid exposure to extreme temperatures, could occasionally reach overhead with the right upper extremity, could frequently kneel, crouch, or crawl, and could occasionally stoop. Tr. 22.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform, but Plaintiff could not perform any past relevant work. Tr. 27-29. As such, the ALJ found that Plaintiff was not disabled from his alleged onset date, July 24, 2018, through the date of the ALJ's decision, February 10, 2020. *Id*.

**II.    Analysis**

Plaintiff challenges the ALJ's RFC determination that he could perform "sedentary work." *See* ECF No. 9. Plaintiff argues that "mild to moderate limitations in prolonged sitting" included

3

in the opinion of consultative examiner, Dr. Nikita Dave, an opinion the ALJ found "persuasive" in his RFC determination, preclude an RFC finding of "sedentary work." *Id*.  The Commissioner argues that Dr. Dave's opinion was consistent with the ALJ's determination, as were additional medical opinions the ALJ relied upon.  *See* ECF No. 11.  For the reasons below, the Court finds that the ALJ's decision was supported by substantial evidence.

### A.  Evaluation of Medical Opinion Evidence

As a general matter, an ALJ must reach an RFC determination based on all the relevant medical evidence in the record.  20 C.F.R. §§ 404.1545(a), 404.1546(c).  "The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." *Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021).  "According to the new regulations, the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'"  *Id.* (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules")*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'"  *Id.* (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'"  *Id.* (citing 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)).  However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and

4

assigning 'weight' to a medical opinion." *Id.* Of the five factors the ALJ is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important." *Id.* (citing *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853).

"At their most basic, the amended regulations require that the ALJ explain her findings regarding the supportability and consistency of each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M.*, 2021 WL 706645, at *8 (citing *Jacqueline L. v. Commissioner*, No. 6:19-CV-6786, 2021 WL 243099, at *6 (W.D.N.Y. January 26, 2021)); *see also Janice P. v. Kijakazi*, No. 5:21-cv-55, 2022 WL 2251666, at *5 (D. Vt. April 22, 2022) ("The ALJ will articulate how he or she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required unless the ALJ is deciding among multiple medical opinions of equal support and consistency on the same issue that differ slightly." (internal quotation marks omitted)); *Cuevas v. Commissioner*, No. 20-CV-0502 (AJN) (KHP), 2021 WL 363682, at *14 (S.D.N.Y. Jan. 29, 2021) ("The new regulations controlling the ALJ's assessment of medical opinions now require an ALJ to explain how persuasive she found the medical opinions she considered, and specifically, how well a medical source supports their own opinion(s) and how consistent a medical source/opinion is with the medical evidence as a whole.").

### B. The ALJ's Assessment

In determining Plaintiff's RFC, the ALJ discussed Plaintiff's April 2019 clinical examination with consultative examiner Dr. Dave. ECF No. 8 at 24. The ALJ noted that Dr. Dave's examination revealed that Plaintiff had "a normal gait and stance" and "was able to rise from a chair without difficulty." Tr. 24. Plaintiff had "lumbar extension to 10-15 degrees, forward flexion of 45-50 degrees, [ ] lateral flexion of 15 degrees" and a "full range of motion in the elbows,

forearms, hips, knees, and ankles." *Id*. With respect to physical impairments and exertional limitations, Dr. Dave opined that Plaintiff "should avoid heavy lifting and carrying" and that Plaintiff had "mild to moderate limitations in prolonged walking or sitting." *Id*. Dr. Dave further opined that Plaintiff had "moderate limitations for repetitive overhead reaching with the right shoulder." *Id*. During the examination, clinical treatment notes reveal that Plaintiff reported he was able to "cook and shop 2-3 times per week, attend to personal care tasks, spend time with friends, listen to the radio, and watch television." *Id*. Based on his review of the overall record evidence, the ALJ found Dr. Dave's "overall physical examination findings" to be "persuasive" because such findings were consistent with other record evidence. Tr. 25.

In addition, the ALJ discussed Plaintiff's May 2019 examination with advising physician Dr. Gary Ehlert, as well as Plaintiff's June 2019 examination with advising physician Dr. J. Lawrence. Tr. 24. During his clinical examination, Dr. Ehlert opined that Plaintiff "could lift up to twenty pounds occasionally and ten pounds frequently, sit for six hours, and stand or walk for six hours in an eight-hour workday." *Id*. Dr. Lawrence similarly reported that Plaintiff "could lift up to twenty pounds occasionally and ten pounds frequently, sit for six hours, and stand or walk for six hours in an eight-hour workday." *Id*. Both physicians opined that Plaintiff could "occasionally stoop, and could frequently kneel, crouch, or crawl." *Id*. In determining Plaintiff's RFC, the ALJ found these assessments "partially persuasive" because they were "consistent with the evidence of record." Tr. 25.

Plaintiff argues that the ALJ erred in relying primarily upon Dr. Dave's opinion when determining Plaintiff's RFC because Dr. Dave's opinion included limitations on prolonged sitting which preclude an RFC determination of "sedentary work." Plaintiff further asserts that the ALJ's

determination does not correlate with the evidence of record. For the reasons set forth below, the Court disagrees.

First, a claimant is not necessarily rendered disabled simply because he or she is moderately limited in sitting or standing. *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). In fact, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Id*. (citations omitted). Indeed, a consultative examiner's opinion finding that an individual has moderate to marked limitations in lifting, carrying, standing, and walking "is not inconsistent with [an] ALJ's conclusion that [the individual] could perform the exertional requirements of sedentary work." *DeRosia v. Colvin*, No. 16-CV-6093P, 2017 WL 4075622, at *21 (W.D.N.Y. Sept. 14, 2017). A finding that a claimant can perform sedentary work does not "require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). Moreover, Plaintiff fails to recognize that an RFC finding, even for "sedentary work," presumes ordinary work breaks. *See* SSR 96-9p, 1996 WL 374185, at *6 (providing that an ordinary work setting contemplates "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals"); SSR 83-12, 1983 WL 31253, at *4 ("Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work."). Accordingly, a medical opinion including "mild to moderate limitations in prolonged sitting" is not categorically inconsistent with an ALJ's "sedentary work" determination. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). Thus, the ALJ's decision to find Dr. Dave's opinion "persuasive" was not inconsistent with the ALJ's RFC determination. *Id*.

Second, contrary to Plaintiff's claims, the ALJ properly considered, in addition to Dr. Dave's examination, the overall record evidence and other medical opinions in formulating Plaintiff's RFC.

As discussed, the ALJ relied upon the opinions of Drs. Ehlert and Lawrence in determining Plaintiff's RFC.  Tr 24-25.  Both physicians opined that Plaintiff could "lift up to twenty pounds occasionally and ten pounds frequently, sit for six hours, and stand or walk for six hours in an eight-hour workday."  Tr. 24.  The ALJ found these assessments "partially persuasive" because they were "generally consistent with the evidence of record."  Tr. 25.  The ALJ noted Plaintiff's "marked improvement" from the alleged onset date through the date of the ALJ's decision.  Tr. 26.  Plaintiff's postoperative treatment notes consistently reflected "reports of improving symptoms," as well as "negative straight leg raises, normal gait, and intact neurological findings."  Tr. 26-27.  In determining Plaintiff's RFC, the ALJ further observed that Plaintiff's reported range of physical daily activities was "not generally consistent with his allegations of disabling impairment."  Tr. 26.  The ALJ indicated that Plaintiff's reported ability to "cook and shop 2-3 times per week, attend to personal care tasks, spend time with friends, handle personal finances, listen to the radio, watch television, and attend his medical appointments without any significant difficulties" was not consistent with Plaintiff's allegations of total disability.  Tr. 27.

As discussed, the Court must determine "whether the [ALJ's] conclusions were supported by substantial evidence in the record[.]"  *Talavera*, 697 F.3d at 151 (citing 42 U.S.C. § 405(g)).  The Court need not determine whether substantial evidence supports Plaintiff's position; rather, the Court must decide whether substantial evidence supports the decision of the ALJ.  *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order).  "Under this very deferential standard of review, once an ALJ finds facts, [courts] can reject those facts only if a

reasonable factfinder would have to conclude otherwise." *Id*. at 58-59 (internal quotation marks and citation omitted) (emphasis in original). Based on a review of the ALJ's RFC determination and the existing record, the Court finds that the ALJ's RFC determination of "sedentary work" is supported by substantial evidence. *See Pellam v. Astrue*, 508 Fed. App'x 87, 90 (2d Cir. 2013) (summary order). The ALJ properly relied not only upon Dr. Dave's medical opinion, but other record evidence in determining Plaintiff's "sedentary work" RFC.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 15, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court